

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00402-CR

NATALIE FAYE MULL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Natalie Faye Mull pled guilty pursuant to a plea bargain to possession of a controlled substance, namely methamphetamine, in an amount of more than one gram but less than four grams, and the trial court placed her on deferred adjudication community supervision for four years and ordered her to pay a $400 fine. Less than a year later, the State moved to proceed to adjudication, alleging several violations of the conditions of community

---

[1]*See* Tex. R. App. P. 47.4.

supervision. Appellant pled true to all allegations. After a hearing, the trial court adjudicated Appellant's guilt and sentenced her to pay a $1,000 fine and to serve ten years' confinement but probated the confinement portion of the sentence, retaining Appellant on community supervision for ten years and adding the completion of the SAFP program to her community supervision conditions.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on her own behalf, but she did not do so.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on her behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See id.* at 511.

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal.[6] Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, J.; LIVINGSTON, C.J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 9, 2011

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).